RCH/AXB/LZ
F.#2022R01030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-                                     STIPULATION & PROTECTIVE ORDER

SAMUEL MIELE,                                      23-CR-327 (JS)

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

         IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

         1. All material and information disclosed or produced by the government to the defendant (the "Defendant") and the Defendant's counsel ("Defense Counsel") in the above-captioned case (hereinafter, the "Confidential Discovery Materials"), including, but not limited to, material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure; 18 U.S.C. § 3500; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); or <u>Giglio v. United States</u>, 405 U.S. 150 (1972), shall be governed by this protective order (the "Protective Order").

         2. Confidential Discovery Materials, however designated, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the Confidential Discovery Materials, may be used by the Defendant, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes

of defending against the charges in the above-captioned case, including but not limited to preparation for pre-trial hearings, trial and any sentencing, appeal, or collateral attack (commenced within a year of the exhaustion of the Defendant's appellate rights) involving the charges in the above-captioned case.

3. Defense Counsel shall review the terms of this Protective Order with the Defendant and members of the Defense Staff. Further, Defense Counsel shall have the Defendant and every member of the Defense Staff sign an acknowledgement form provided by the government affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Confidential Discovery Materials. Defense Counsel shall keep an accounting of the pages of the Confidential Discovery Materials provided to members of the Defense Staff absent prior agreement of the government or permission of the Court.

4. Defense Counsel may disclose or discuss Confidential Discovery Materials to or with a person being contacted or interviewed by Defense Counsel or Defense Staff as a potential witness, provided that Defense Counsel first has taken the following steps: (a) provided to each such individual a copy of this Protective Order and advised each such individual that he or she may not further disclose or discuss any portion of the Confidential Discovery Materials, or any copies, notes, transcripts, or documents derived or prepared from the Confidential Discovery Materials; (b) admonished each such individual that any violation of the Protective Order, as determined by the Court, may result in a finding of contempt of Court; and (c) recorded in a log to be retained in Defense Counsel's files the name of each such individual and the date on which Defense Counsel took each of the steps detailed above in subparagraphs 4(a)-(b) (the "Confidential Discovery Materials Disclosure Protocol"). Defense Counsel may provide a copy of Confidential Discovery Materials to potential witnesses or their counsel, provided that Defense Counsel follows

the Confidential Discovery Materials Disclosure Protocol prior to sharing Confidential Discovery Materials with such potential witnesses and directs such potential witnesses to delete the Confidential Discovery Materials after use. Before disclosing Confidential Discovery Materials pursuant to this paragraph, Defense Counsel must redact information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure.

5. Except as otherwise provided in this Protective Order, any and all Confidential Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Confidential Discovery Materials, shall not be further disclosed, disseminated, or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

6. None of the Confidential Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Confidential Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

7. Absent prior agreement of the government or permission of the Court, Confidential Discovery Materials shall not be included by Defense Counsel in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials. This restriction further does not apply to materials or information that are acquired by Defense Counsel from sources other than the government in this case.

8. If the government and Defense Counsel do not agree that certain material

should be designated as Confidential Discovery Material, Defense Counsel may provide notice to the government and a reasoned explanation why the Defendant does not believe the materials qualify as Confidential Discovery Material. To the extent the parties do not agree, Defense Counsel may make an application to the Court and seek to establish good cause regarding why the material should not be treated as Confidential Discovery Material. The Defendant shall treat the material as Confidential Discovery Material pending any determination by the Court.

9. If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Confidential Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Confidential Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

10. The Defendant may review Confidential Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material") only in the presence of or by video conference with Defense Counsel or Defense Staff. The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the Sensitive Discovery Material.

11. The Defendant, Defense Counsel, and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

12. If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendant, a witness, and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of or by video conference with Defense Counsel or Defense Staff.

13. Any documents, material, or information determined to be Sensitive Discovery Material may be so designated by stamping the legend "SENSITIVE" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated via notice appended to the media on which such files or documents are produced or added to the name of the file or electronic folder in which the file is located.

14. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, Defense Counsel may provide notice to the government and a reasoned explanation why the Defendant does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, Defense Counsel may make an application to the Court and seek to establish good cause regarding why the material should not be treated as Sensitive Discovery Material. The Defendant shall treat the material as Sensitive Discovery Material pending any determination by the Court.

15. A copy of this Protective Order shall be kept with the Confidential Discovery Materials at all times.

16. The Defendant and Defense Counsel will return to the government the Confidential Discovery Materials and the Sensitive Discovery Material, and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff, or any other signatory to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack (commenced within a year of the

exhaustion of the Defendant's appellate rights) involving the charges in the above-captioned case.

17. Nothing in this Protective Order shall preclude the government or the Defendant from seeking a further order pursuant to Rule 16(d) as to particular items of the Confidential Discovery Materials.

18. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Central Islip, New York
August __, 2023

BREON PEACE
United States Attorney
Eastern District of New York

_____
Kevin H. Marino, Esq.
John D. Tortorella, Esq.
Marino Tortorella & Boyle, P.C.
Attorneys for Defendant

By: _Ryan C. Harris_____
Ryan C. Harris
Anthony Bagnuola
Laura Zuckerwise
Assistant United States Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

By: _____
John Taddei
Jacob R. Steiner
Trial Attorneys

SO ORDERED.

_____
THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK